IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AYONDA MARIE JONES, | ) | |
|     Debtor. | ) | Case No. 19-40383 |
| | ) | |
| _____ | ) | |
| | ) | |
| STATE OF KANSAS, *ex rel.*, | ) | |
| Delia Garcia, Acting Secretary of Labor, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | Adversary No. 19-4018 |
| | ) | |
| AYONDA MARIE JONES, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Before this Court is the Motion for Summary Judgment (the "Motion") filed by State of Kansas, *ex rel.*, Delia Garcia, Acting Secretary of Labor (the "Plaintiff" or "KDOL")) against Ayonda Marie Jones (the "Defendant" or "Debtor"). The Plaintiff initiated the adversary proceeding seeking a determination that damages found owed to it for overpayment of unemployment benefits in a prior administrative action be deemed nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(I). In accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure and for the reasons set forth below, the Court grants the Motion.

1

### I.    FACTUAL BACKGROUND

According to the KDOL's alleged undisputed facts, Debtor applied for and received unemployment benefits for the weeks of October 30, 2010, through February 5, 2011. She filed a separate request for benefits each week and answered the weekly claim questions. The relevant question is "Did you work, as an employee, Sunday through Saturday, during the week being claimed?" Debtor answered "no" to that question each week. KDOL received an anonymous tip from a third party that Debtor was working for US Bank National Association during the work weeks ending 10/30/2010 through 2/5/2011. This triggered a fraud investigation by the KDOL. KDOL mailed an Unemployment Insurance Benefit Audit to US Bank on 2/10/2011. KDOL then mailed to Debtor an Unemployment Audit Notice indicating the amount of benefits paid for each relevant benefits week, the amount of earnings reported by US Bank for the same period, the amounts reported by Debtor and the benefit overpayment amount of $5,429. Debtor was advised that she could have her employer send a letter of correction or she could provide a written statement, but she failed to respond. Subsequently, an Examiner's Determination found that Debtor "willfully and knowingly made false representations to receive benefits not due…" resulting in an overpayment of $5,429 and advised Debtor of her appeal rights. Debtor did not respond to any of the correspondence, nor did she appeal the Determination and it became final.

In her Response to Plaintiff's Motion for Summary Judgment, Debtor purports to dispute some of the alleged undisputed facts or asserts that she lacks sufficient information to dispute the alleged fact. As noted in the KDOL's reply, Debtor specifically disputes only three of the material facts put forth in its statement of facts, admits ten of the material facts and asserts she lacks sufficient information to dispute 24 of the KDOL's material facts. Of the three facts that she specifically disputes, one she had admitted to already in her answer and the other two (that she had

received an unemployment insurance overpayment and that she was prompted to answer weekly claim questions to receive unemployment insurance benefits) she merely responded that she did not believe those asserted facts to be true. This type of dispute is not appropriate for a motion for summary judgment and does not meet the required burden of presenting "more than a scintilla of evidence" to establish a genuine issue of material fact as required in a response to a summary judgment motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Similarly, putting forth only that she lacks sufficient information to dispute the majority of the asserted material facts does not meet her burden of establishing a genuine issue of material fact. As the KDOL pointed out in its Reply, per Fed. R. Civ. P. 56(e)(2), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact…, the court may:…consider the fact undisputed for purposes of the motion …." Here, the alleged disputes are either conclusory denials unsupported by evidence or are legally insufficient and the Court will consider the facts undisputed per the Rule 56.

On February 25, 2019, Debtor commenced a Chapter 13 bankruptcy case. The KDOL filed an adversary proceeding seeking non-dischargeability of the unemployment benefits Debtor had received and it filed a motion for summary judgment on the matter. In the Motion, Plaintiff seeks a determination that the matter was litigated at the administrative level so Debtor is collaterally estopped from relitigating the issue and that the entire debt owed to it by Debtor should be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Debtor opposes the Motion on the grounds that the fraud determination made by the KDOL does not translate into a fraud determination with intent to deceive for bankruptcy non-dischargeability purposes.

## II.    LEGAL ANALYSIS

### A.    Standard for Summary Judgment

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.  *Matsushita Elec. Indus.*, 475 U.S. at 586-87.  When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant.  *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### B.  Issue Preclusion

The KDOL has pleaded an exception to discharge claiming that the debt owed to it should be nondischargeable as it was incurred as a result of Debtor's false pretenses, false representations and/or actual fraud pursuant to § 523(a)(2)(A), and that the agency's previous determination of such should be entitled to collateral estoppel effect1.

Section 523(a)(2)(A) of the Bankruptcy Code states that:

---

1 Debtor argues that §523(a)(2)(A)is not applicable because the fraudulent statements made by Debtor related to financial condition and must be inn writing, thus falling under §523(a)(2)(B). The KDOL responds that Debtor's statement regarding her employment status is not a statement that respects the debtor's financial status.  The Court agrees.  *See, i.e., In re Johnson*, 2019 WL 4164860 (Bankr. D. Md. 2019) (finding a misrepresentation concerning employment status is not one respecting a debtor's financial condition and can provide the basis for a claim under 523(a)(2)(A)); *see also, In re Drummond*, 530 B.R. 707, 710 n.3 (Bankr. E.D. Ark. 2015) (finding as a matter of law that the requirement of the debtor to notify SSA if she returns to work is not a statement that respects the debtor's financial condition).

> (a) A discharge under section 727, 1141, 1128(a), 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> ...
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by,-

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

> 11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) the creditor must prove the following elements:

1) that the debtor made a representation;

2) that at the time the debtor knew the representation was false;

3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor;

4) that the creditor justifiably relied on such representation; and

5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000)*; Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) *(citing In re Ophaug*, 827 F.2d 340 (8th Cir. 1987), *as supplemented by Field,* 516 U.S. at 71). Preponderance of the evidence is the standard by which a case must be proven to prevail on a claim under § 523(a)(2)(A). *In re Nelson,* 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006)*; see also Moen*, 238 B.R. at 791 *(citing Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Exceptions to discharge are normally to

5

be construed narrowly against the creditor and liberally in favor of the debtor, thus effectuating the fresh start policy of the Code. *Van Horne*, 823 F.2d at 1287. However, "[t]he Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor'." *Moen*, 238 B.R. at 792 *(quoting Cohen v. De La Cruz*, 523 U.S. 213,118 S.Ct. 1212, 1216 (1998)). Although the Court is persuaded that there is sufficient evidence for it to find that the KDOL established the elements of its § 523(a)(2)(A) claim, there is no need for the Court to analyze the facts as they relate to each § 523(a)(2)(A) element individually because it agrees that the administrative decision of the KDOL is entitled to collateral estoppel effect. *See, e.g., In re Bailey*, 2019 WL 2179732 (Bankr. W.D. Mo. 2019); *In re Stock*, 2018 WL 3267632 (Bankr. W.D. Mo. 2019); *In re Knight*, 2018 WL 2422421 (Bankr. W.D. Mo. 2018). Under Kansas law[2], collateral estoppel may be invoked where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. *Huelsman v. Kansas Dep't of Revenue*, 267 Kan. 456, 458, 980 P.2d 1022, 1024 (1999). Preclusion doctrines can be applied to administrative decisions when an agency is acting in a judicial capacity and there were sufficient due process protections. *See Application of Fleet*, 293 Kan. at 789; *see also, e.g.*, *Bowen v. U.S.*, 570 F.2d 1311 (7th Cir. 1978); *Moore v.*

---

2 The law of the forum state applies when deciding if collateral estoppel is applicable. Courts look to the substantive law of the forum state in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so. .*A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.,* 823 F.3d 448, 453 (8th Cir. 2016) (citing *In re Scarborough,* 171 F.3d 638, 641 (8th Cir.1999)). Collateral estoppel is also referred to in some cases as issue preclusion. *See In the Matter of the Application of Fleet for Relief from a Tax Grievance in Shawnee County, Kansas*, 293 Kan. 768 (2012).

*Allied Chemical Corp.*, 480 F. Supp. 377 (E.D. Va. 1979) (court held that plaintiff's admissions in an OSHA hearing and litigation did collaterally estop him from maintaining his later action because he had a full and fair opportunity to litigate the Administrative Judge's findings of facts ); *Kolander v. Weeks*, 916 F. Supp. 1042 (D. Or. 1996) (recipient had a full and fair opportunity to be heard before a hearing officer acting in a judicial capacity in a formal administrative proceeding, thus a preclusive effect must be given to the state agency's determination*); Barnes v. Oody*, 514 F. Supp. 23 (E.D. Tenn. 1981)(factual findings of an administrative tribunal are accorded collateral estoppel effect when the tribunal is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate).

The Examiner's Determination issued on May 18, 2011, found that Debtor "willfully and knowingly made false representations to receive benefits not due." Based on that finding and determination, and the determination that KDOL overpaid Debtor in that amount of $5,429, the agency's Examiner's Determination established that Debtor's conduct met elements one, two, three and five of § 523(a)(2). Thus, the first collateral estoppel element-- that a prior judgment on the merits which determined the rights and liabilities of the parties on the same issue was entered in the agency determination—is established.

The remaining issue to be resolved, because it was not resolved by the agency determination and thus not covered by collateral estoppel, is whether there is a genuine issue of material fact as to element four of §523(a)(2)(A)- that the KDOL justifiably relied on Debtor's representation. That the agency justifiably relied on Debtor's false representation was shown by the affidavit of the KDOL employee that the agency relies on a claimant's answers regarding current

7

employment status and wages in determining eligibility for unemployment benefits. Debtor presented no evidence to the contrary.

There is no dispute that the parties are the same-- KDOL and Debtor--which meets the second collateral estoppel element. Similarly, the issue litigated-- whether Debtor willfully and knowingly made a false statement or representation to receive benefits not due-- was clearly necessary to the agency determination. Once the agency makes such determination a claimant is barred from receiving unemployment benefits for a period of five years and incurs a penalty in the amount equal to 25% of the benefits amount unlawfully received. Thus, for the KDOL to make its determination and levy penalties, it is necessary for it to find fraud on the part of the claimant.

The Court also finds that Debtor had a full and fair opportunity to litigate the issue at the administrative level. Debtor claims she does not recall if she received notice or her right to respond or appeal from the KDOL. However, the evidence shows that the KDOL mailed her an Unemployment Audit indicating the amount of benefits paid for each week, the amount of earnings reported by US Bank for the same period, the amount reported by Debtor and the overpayment amount as well as an Examiner's Determination that she was found ineligible for benefits because she had received earnings from US Bank during the same weeks that she claimed benefits and advising Debtor of her appeal rights. The evidence also supports that none of the documents was returned to the KDOL as undeliverable which is evidence that they were in fact delivered to Debtor's last known address.

Debtor failed to respond or participate in the review process. Debtor had the opportunity to supply additional evidence or statements for the KDOL examiner to consider before reaching a determination. She did not do so. She was then sent notice of the agency determination and that

she had 14 days to appeal the decision and failed to exercise her appeal rights. For all the reasons set forth above, the Court agrees that collateral estoppel should apply to the determination made by the KDOL in the administrative procedure.

### III.    CONCLUSION

After reviewing the entire record, the Court finds that there is no genuine dispute as to the elements of §523(a)(2)(A). The Plaintiff has met its burden of proving that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. Accordingly, the Plaintiff's Motion for Summary Judgment is granted and the debt in the total amount of $10,029.22 (overpayment of benefits and accrued interest), plus costs in the amount of $350.00, is excepted from discharge.

Dated:  September 23, 2019                    /s/Dennis R. Dow
                                                                       THE HONORABLE DENNIS R. DOW
                                                                       UNITED STATES BANKRUPTCY JUDGE